IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MARYANN SHEWFELT | ) | |
| | ) | |
| **Plaintiff** | ) | CIVIL ACTION NO. |
| | ) | |
| v | ) | |
| | ) | |
| AMBAJI27, LLC and | ) | JURY TRIAL DEMANDED |
| NIRAV PATEL | ) | |
| | ) | |
| **Defendants** | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW Plaintiff, Maryann Shewfelt, by and through her attorney John W. Roper of The Roper Law Firm, and brings this her Complaint as against the above Defendants, and in support thereof does hereby state and allege as follows:

## I.

## INTRODUCTION

1.

Plaintiff asserts claims under the Fair Labor Standards Act ("FLSA") against Defendants AMBAJI27, LLC and Nirav Patel.

2.

Defendants paid no overtime premium wages whatsoever to Plaintiff, and in some instances failed to provide for even minimum wages.

1

3.

As a result of the practices of Defendants described herein, Defendants failed to adequately and lawfully compensate Plaintiff, including minimum and overtime wages, as required by the FLSA and the implementing regulations thereof.

## II.

## **JURISDICTION AND VENUE**

4.

Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 regarding her rights, and Defendants' obligations, under the FLSA.

5.

Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*.

6.

Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

7.

Venue properly lies in the Middle District of Georgia because Defendant AMBAJI27, LLC maintains operational plant facilities and offices therein, and the acts and omissions complained of herein were committed and had a principal

effect, as described more fully below, within the Middle District of Georgia; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.

## PARTIES

### A.   Plaintiff Maryann Shewfelt

8.

Maryann Shewfelt (hereinafter "Shewfelt" or simply "Plaintiff") is a citizen of Georgia and resident of Harris County, Middle District, Georgia.

### B.   Defendant AMBAJI27, LLC (hereafter "LLC")

9.

LLC is a Georgia limited liability company that may be served through its registered agent: Manisha Patel at 3609 Cape Lane, Conyers, GA, 30013

### C.   Defendant Nirav Patel

10.

Defendant Nirav Patel may be served, upon knowledge and belief, at his residence at 3609 Cape Lane, Conyers, GA, 30013 or at the facilities of Defendant LLC at the Budgetel Inns & Suites, 368 S. Main Avenue, Pine Mountain, GA 31822.

11.

Patel was at all times relevant to this Complaint together with LLC, Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12.

At all relevant times Patel had operational control of Defendant LLC's day-to-day functions where Plaintiff was employed.

**D.   Defendants Generally**

13.

At all times relevant to this Complaint, Defendants were Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14.

At all relevant times, Defendants owned and operated a Budgetel Motel business engaged in interstate commerce and which utilized goods which moved in interstate commerce.

15.

During the relevant time period the annual gross revenues of Defendants exceeded $500,000.00 per annum.

16.

Defendants were at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

17.

Defendant LLC constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

18.

At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

19.

At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the 29 U.S.C. §§ 201, *et seq*.

**IV.**

**FACTS**

20.

AMBAJI27, LLC (LLC) transacts business as Budgetel Inn and Suites at a property in Pine Mountain, GA at 368 South Main Avenue, Pine Mountain, 31822.

21.

In March of 2019, Plaintiff commenced employment with AMBAJI27, LLC. at its Budgetel property in Pine Mountain, GA.

22.

Plaintiff's husband died on the Budgetel property on September 5, 2019.

23.

Contemporaneously, Defendants provided lodging for Plaintiff at the Budgetel facility so she could be available 24 hours each day for guests and related matters.

24.

Plaintiff was directed to move her furnishings from her three-bedroom home into a storage facility on the Budgetel property owned or controlled by Defendants.

25.

On or about March 15, 2020 Plaintiff was designated manager of the motel.

26.

Plaintiff met none of the acceptable legal metrics or properties to be classified as a manager.

A)  Plaintiff earned less than $455 per week;

B) Management was not the primary duty of Plaintiff;

C) Plaintiff did not make hiring, firing or disciplinary decisions;

D) Plaintiff did not make management recommendations that were accorded any particular weight;

E) At least 95% of Plaintiff's time was spent in non-exempt work such as putting up supplies, waiting on guests and checking them in and out, mopping the floor, cleaning bathrooms, washing, drying and ironing laundry, making up rooms

including stripping beds, cleaning and disinfecting guest quarters, responding to service calls, performing maintenance services, receiving guest payments, providing concierge services, lifting heavy dressers, taking out furniture and repairing it, selling old dressers, putting in new furniture and headboards, lifting refrigerators, repairing lights, locks and benches, picking up trash from the parking lot, answering the phone, and doing whatever Defendant Patel wanted done.

27.

Plaintiff did not participate in traditional executive exempt duties and activities such as interviewing, selecting and training of employees, setting and adjusting their rates of pay and hours of work, directing the work of employees, maintaining production or sales records for use in supervision or control, appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status, handling employee complaints and grievances, disciplining employees, planning the work, determining the techniques to be used, apportioning the work among the employees, determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise that was bought, controlling the flow and distribution of materials or merchandise and supplies, providing for the safety and security of the employees or the property, planning and controlling the budget and monitoring or implementing legal compliance measures.

28.

Plaintiff was not an independent contractor.

29.

During her entire tenure as an LLC employee, Plaintiff was suffered to work, or be available at all times without any meaningful allocation for sleep, as Budgetel, as a matter of policy, provided for 24-hour arrival and departure of guests.

30.

Thus, Plaintiff was misclassified as a manager when she was not a manager.

31.

Plaintiff was not vested with independent or discretionary decision-making authority affecting operations.

32.

Defendants exercised 100% control of Plaintiff's time, manner and method of performance of her duties.

33.

Except for two occasions where Nirav Patel allowed Plaintiff three days in connection with her husband's death and less than a day to tend to bones she had broken at work, Plaintiff did not have a day off after September 8, 2019.

34.

The constant stress of the day-round-the clock work contributed to the loss of in excess of 100 pounds by Plaintiff.

35.

Another contributing factor to the weight loss was that Plaintiff rarely had time to eat.

## V.

## **DEFENDANTS' INTENT**

36.

All actions by Defendants were willful and not the result of mistake or inadvertence.

37.

Defendants knew or should have known that the FLSA applied to the operation of the business at all relevant times. Defendants knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of employees under the FLSA was challenged.

38.

Plaintiff had no negotiation ability with regard to her pay.

39.

Despite being on notice of its violations, Defendants chose to continue to misclassify Plaintiff and withhold overtime wages to in effort to enhance their net earnings.

40.

Defendants frequently missed paying Plaintiff when payday came.

41.

Defendants knew that employees such as Plaintiff are employees that should be paid under the law and have simply chosen not to pay her.

42.

That is because the business model of Defendants is to effect peonage with regard to Plaintiff who was without other viable options by exploiting her labor to gain private ends.

**VI.**

**INJURY AND DAMAGE**

43.

Plaintiff has suffered injury, incurred damages and significant financial loss as a result of Defendants' conduct complained of herein.

## VII.

## **CLAIM FOR RELIEF—VIOLATION OF THE FLSA**

44.

Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

45.

Defendants intentionally failed to pay Plaintiff overtime and often minimum wage.

46.

Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

47.

During each week that Plaintiff worked more than forty (40) hours per week, she is owed the overtime premium that she has never been paid.

48.

The calculus for Plaintiff's compensation entitlement as derived from the time schedules set forth supra is[1]:

---

[1] This analysis treats only the twenty-week period when Plaintiff was deemed "manager." Plaintiff reserves the right to seek leave to amend her complaint as overtime entitlement before that period is determined through discovery.

a. $10.75/hr. x 40 hrs. (to meet agreed wage) x 20 wks. = $8,600.00 (this was paid);

b. $10.75/hr. x 1.5 (OT Premium) x 93 hrs. (Avg OT weekly) x 20 wks. = $29,992.50;

49.

Plaintiff, therefore, is owed actual damages of $29,992.50

50.

Plaintiff is owed $52,245.00 as liquidated damages.

51.

Plaintiff's entitlement, pursuant to the FLSA, is $59,985.00

52.

By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning on her date of hire

53.

Alternatively, should the Court find that Defendants have not acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.

## **PRAYERS FOR RELIEF**

WHEREFORE, the premises considered, Plaintiff Maryann Shewfelt, respectfully prays that each Defendant be summoned to appear and answer herein and for orders as follows:

(A)  For an order of this Honorable Court entering judgment in Plaintiff's favor against each Defendant, jointly and severally;

(B)  That the Court award Plaintiff her actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate her for unpaid back wages;

(C)  A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

(D)  Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.,* and attendant regulations at 29 C.F.R. §§ 516, *et seq.*;

(E)  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and attendant regulations at 29 C.F.R. §§ 516, *et seq.*, in an amount equal to all unpaid regular

wages and overtime compensation owed to Plaintiff during the applicable statutory period;

(F) An order directing Defendants to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(G) Such other and further relief as this Court may deem necessary, just and proper in the premises.

Respectfully submitted this 13th day of August 2020.

*/s/ John W. Roper*
**John W. Roper**
Georgia Bar No: 614159

The Roper Law Firm
233 12th Street
Suite 602
Columbus, GA 31901
(706)596-5353-tel
(706)780-1014-fax
johnroper@roperlaw.com